NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JASON LEFF, on behalf of himself and others similarly situated, | : : : : | **Civil Action No. 15-2275 (SRC)** |
| Plaintiff, | : : | **OPINION** |
| v. | : : : | |
| BELFOR USA GROUP, INC. d/b/a BELFOR RESTORATION, | : : : | |
| Defendant. | : : | |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiff Jason Leff's ("Plaintiff" or "Leff") motion to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County. Defendant Belfor USA Group, Inc. d/b/a Belfor Restoration ("Defendant" or "Belfor") has opposed the motion. The Court has considered the papers filed by the parties. For the reasons that follow, the Court will grant the motion to remand.

### I.    BACKGROUND

This putative class action arises out of remediation work for property damage caused by Hurricane Irene. The case specifically concerns Defendant Belfor's use of a consumer contract containing provisions which allegedly violate various New Jersey state laws. Plaintiff Leff alleges that the basement of his home in Edison, New Jersey was flooded with water as a result of the August 2011 storm. After contacting his insurance company, Leff arranged for Belfor to

investigate the damage, provide an estimate of the work to be done and perform the remediation. Plaintiff alleges that a representative of Belfor provided him with a "Work Authorization" form, which Plaintiff was required to sign so that the work could begin. According to the Amended Complaint, the Work Authorization is deficient and/or in violation of applicable New Jersey laws in a number of ways.

Plaintiff filed this lawsuit on November 3, 2014 in the Superior Court of New Jersey, Middlesex County on behalf of himself and of a putative class consisting of "[a]ll consumers who, at any time on or after November 3, 2008, entered an agreement the same or similar to the 'Work Authorization' attached as Exhibit A with Belfor for work to be performed on residential property located in the State of New Jersey." (Am. Compl., ¶ 59.) The Amended Complaint, filed on December 1, 2014, sets forth a sole state law claim based on the allegedly unlawful provisions in the Work Authorization form, asserting a cause of action under the Truth-In-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, et seq. It seeks an award for Plaintiff and each member of the putative class of statutory civil penalties in the amount of $100 per contract pursuant to the TCCWNA. It also seeks to recover, pursuant to the statute, reasonable attorneys' fees and costs.

Defendant Belfor, which is a Colorado corporation with its principal place of business in Michigan, removed this action to federal court on March 31, 2015 pursuant to diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Removal Petition states that the action satisfies CAFA's $5 million amount in controversy requirement based on representations made by Plaintiff's counsel, in particular, counsel's remark at a March 2, 2015 meet and confer session that Plaintiff might seek rescission of the allegedly unlawful Work Authorizations. The Removal Petition further states that on March 4, 2015, Defendant's

counsel emailed Plaintiff's counsel for clarification on the scope of damages, i.e., to determine whether damages included both the $100 statutory penalty and rescission of the Work Authorizations at issue for Plaintiff and putative class.  Plaintiff's counsel responded that same day, stating that counsel "was talking about the possibility of changing the case along those lines. At present, as we say in the complaint and in our statement of damages, we are seeking $100 per contract."  (Removal Pet., Ex. H.)


## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), remand to state court is required where "it appears that the district court lacks subject matter jurisdiction."  Here, Defendant has removed the case on grounds that this Court has jurisdiction pursuant to CAFA, which vests original jurisdiction in the federal district courts to hear "class action" lawsuits in which the proposed class has at least 100 members, "the parties are minimally diverse," and "the matter in controversy exceeds the sum or value of $5,000,000." Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)).  Plaintiff's motion to remand contests Defendant's assertion that the jurisdictional amount has been met, arguing that the damages sought are limited to a $100 penalty per contract, or Work Authorization, pursuant to the TCCWNA.  Belfor points out that the TCCWNA imposes liability on a defendant "for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and costs." N.J.S.A. 56:12-17.  It argues that named plaintiff Leff's election to pursue only the minimum civil penalty and forego "actual damages," in an effort to avoid federal jurisdiction under CAFA, cannot be countenanced because Leff lacks the authority to disclaim damages to which the class he purports to represent may be entitled.

As the removing party, Belfor bears the burden of demonstrating that this action meets the minimum amount to establish that this Court has subject matter jurisdiction.  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish the amount in controversy is satisfied.").  The Supreme Court has held that, where the plaintiff contests a removing defendant's allegations regarding the amount in controversy, a court must apply a preponderance of the evidence standard to determine whether the amount in controversy satisfies CAFA's requirement.  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014) (citing 28 U.S.C. 1446(c)(2)(B)).  Generally, a defendant's plausible allegations regarding the amount in controversy will suffice, but if the plaintiff contests or the court questions those allegations, "evidence establishing the amount is required by § 1446(c)(2)(B)."  Id. at 554.

To determine whether the amount in controversy exceeds CAFA's $5 million jurisdictional threshold, a district court must aggregate "the claims of individual class members." § 1332(d)(6).  In other words, CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." Knowles, 133 S.Ct. at 1348.  In calculating the amount in controversy, a court must look to the complaint and engage in a "reasonable reading of the value of the rights being litigated." Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 507 (3d Cir. 2014) (quoting Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993)); see also Dolin v. Asian Am. Accessories, Inc., 449 F. App'x 216, 218 (3d Cir. 2011) (holding that the court "discern[s] the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations.").  A court may also

rely on a defendant's notice of removal in assessing whether the minimum jurisdictional amount has been met.  Erie Ins. Exch. v. Erie Indem. Co., 722 F.3d 154, 158 (3d Cir. 2013); Frederico, 507 F.3d at 197-98.

Defendant Belfor has not met its burden of establishing the amount in controversy.  As Plaintiff argues, Defendant's allegation that Plaintiff's putative class action lawsuit seeks more than $5 million in relief is not only not plausible; it is completely unfounded.  The Amended Complaint, Plaintiff emphasizes, seeks only civil penalties under the TCCWNA in the amount of $100 per contract in violation of the statute.  Plaintiff is correct, and Defendant does not contend, nor is there is indication, that the aggregate class recovery of the statutory penalty, plus attorneys' fees and costs, would exceed the jurisdictional threshold under CAFA.  Defendant argues that rescission of the Work Authorizations is an available remedy under the TCCWNA and was actually contemplated by Plaintiff's counsel, but it remains that the operative pleading does not seek such relief.  No effort has been made by Plaintiff to expand the scope of the action to demand rescission of the Work Authorizations.  In fact, looking outside the pleadings to the evidence presented by Defendant in support of removal, the information indicates that Plaintiff has made a deliberate decision to seek only statutory penalties, as confirmed by the March 4, 2015 email response of Plaintiff's counsel to Defendant' counsel's request for clarification.

A Plaintiff, even in a class action lawsuit, is the master of his complaint.  Morgan, 471 F.3d 469 (holding that "CAFA does not change the proposition that the plaintiff is the master of her own claim" and "may limit [her] claims to avoid federal subject matter jurisdiction.").  The Supreme Court's decision in Knowles, cited by Defendant as support for its argument that Plaintiff cannot disavow damages on behalf of the putative class, does not apply to the issue before the Court on this motion.  In Knowles, a case removed to federal court under CAFA, the

named plaintiff had stipulated, prior to certification of the class action, that he would not pursue damages in excess of $5 million and, on that basis, sought to remand the action for failure to meet the amount in controversy requirement. Knowles, 133 S. Ct. at 1348. The Supreme Court rejected the plaintiff's effort, holding that his stipulation regarding damages did not affect the value of each putative class member's claim because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." Id. at 1348-49. Reasoning that the stipulation was not binding, the Court held that the district court should have disregarded it when evaluating the amount in controversy and simply applied CAFA's directive to determine that amount by aggregating the value of individual class members' claims. Id. at 1350 (citing 28 U.S.C. § 1331(d)(6)). This case, in contrast, involves no such limitation which a named plaintiff seeks to impose upon absent class members without the legal authority to do so. In crafting his complaint to assert certain claims and demands for relief, Plaintiff Leff does not impermissibly attempt to bind the class members to decisions he has made on their behalf prior to class certification, as was the case in Knowles. The Knowles holding on the assessment of the amount in controversy in a putative class action under CAFA does not direct that a district court go beyond the claims pled by a plaintiff or require that the court consider all forms of relief, whether requested or not. Nor does Defendant otherwise point to any authority which would require a class action plaintiff to file a complaint which pursues all remedies available under a cause of action. Though Defendant cites cases from other jurisdictions in which a class action plaintiff's litigation decisions, particularly on damages, were taken into consideration on a class certification analysis under Federal Rule of Civil Procedure 23, those cases have no bearing on an amount in controversy determination for subject matter jurisdiction under CAFA.

Even if Plaintiff had included rescission of the Work Authorizations as a remedy, Defendant's assertion about the value of such relief is wholly conclusory.  Defendant proffers two affidavits by employees of Belfor who state they have gathered the subject agreements and assert that "the total contract amount for the Subject Agreements . . . gathered thus far is in excess of $4 million" for Belfor's northern New Jersey office and "far in excess of $1 million" for Belfor's southern New Jersey office. (Gilani Aff., ¶ 4; Stokley Aff., ¶ 4.) Putting aside Plaintiff's criticism that Defendant's general search of its records yields an overly broad result, not tailored to the Work Authorizations as set forth in the class definition, the Belfor affidavits make a perfunctory assertion without supporting details as to how many contracts were reviewed and how each was valued.  In other words, the conclusion they set forth lacks a factual basis. Indeed, there is no indication as to whether Belfor took into account whether any work on the subject contracts had been performed, or as Plaintiff points out, whether the contracts reviewed have been substantially completed, clearly affecting the availability and value of any rescissionary relief.  Defendant's assertion that all damages for the alleged TCCWNA violations would amount to over $5 million in the aggregate across the class is not supported by the preponderance of the evidence.

### III.   CONCLUSION

For the foregoing reasons, the Court is not satisfied that the amount in controversy requirement under CAFA has been met.  Finding that it lacks subject matter jurisdiction, the Court must remand this action to the Superior Court of New Jersey, Law Division, Middlesex County.

Plaintiff's motion to remand will granted, and his request for an award of attorneys' fees in connection with the filing of this motion will be denied.  Moreover, Defendant's request for leave to file a sur-reply in further opposition to Plaintiff's motion will be denied.  An appropriate Order will be filed.

    s/ Stanley R. Chesler    
STANLEY R. CHESLER
United States District Judge

Dated: June 1, 2015